DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CHINHAYI COLEMAN CADET (CABN 194542)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5596
    FAX: (408) 535-5081
    Chinhayi.cadet@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RENE DELACRUZ,<br><br>    Defendant. | NO. CR 19-00680 (LHK)<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Sentencing Date: October 28, 2020<br>Time: 9:15 a.m. |

UNITED STATES SENTENCING MEMORANDUM
CR 19-00680 (LHK)                           1

## I. INTRODUCTION

### A. Information

On December 12, 2019, a Grand Jury in the Northern District of California returned an Indictment charging the defendant, Rene Delacruz, with violations of 18 U.S.C. § 1708 – Possession of Stolen Mail (Count 1); 18 U.S.C. § 1704 – Possession of Postal Service Key; (Counts 2 and 3); and 18 U.S.C. § 1704 – Possession of Counterfeit Postal Service Key (Count 4).

### B. Guilty Plea

The parties have executed a proposed plea agreement.  In the agreement, Delacruz admits that, on August 22, 2019, he possessed a counterfeit key suited to a lock adopted by the Postal Service and in use on authorized receptacles for the deposit and delivery of mail matter.  Delacruz admits that he intended to unlawfully or improperly use the counterfeit key, or to cause the counterfeit key to be unlawfully or improperly used.  On August 22, 2019, the San Jose Police Department (SJPD) encountered Delacruz sleeping in the driver's seat of a car in a parking lot located at 2280 Quimby Road, in San Jose.  SJPD lawfully searched the vehicle and found in Delacruz' possession stolen United States mail and a counterfeit USPS Arrow key.  SJPD found the key on the floor of the driver's side of the vehicle, where Delacruz had been seated.  Law enforcement found the stolen U.S. mail in a black backpack that Delacruz admitted at the scene belonged to him.  The stolen mail in Delacruz's possession belonged to at least 13 different victims who were the intended recipients of the undelivered United States mail.  None of the victims knew Delacruz, and none of the victims gave him permission to possess their mail.

Delacruz understands that a USPS "Arrow" key is a master key used by USPS letter carriers to deliver mail to locked mailboxes.  Delacruz understands that counterfeit versions of USPS "Arrow" keys are used to steal mail.  The counterfeit Arrow key found in Delacruz's possession opens receptacles for mail delivery in San Jose, California.  At the time that Delacruz possessed the counterfeit Arrow key, he intended to use it to steal mail.

## I. SENTENCING GUIDELINES CALCULATIONS

### A. The Sentencing Guidelines Post-Booker

Under the Sentencing Reform Act as modified by *United States v. Booker*, 543 U.S. 220 (2005), this Court must analyze and consider the guideline factors before imposing sentences in federal criminal cases. *Booker*, 543 U.S. at 259 (noting that the Sentencing Reform Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals; *see also United States v. Cantrell*, 433 F.3d 1296, 1279 (9th Cir. 2006) (noting that the [c]ontinuing duty of district courts to consult the Guidelines is statutory). This Court, having calculated the guideline range, should then look to the factors set forth by Congress in 18 U.S.C. § 3553(a) to determine a reasonable sentence for Defendant.

### B. Delacruz's Guidelines Calculations

Pursuant to U.S.S.G. §2B1.1(a)(6), Delacruz has a Base Offense Level of 6. As his offense conduct involved 10 or more victims, he receives a two-level increase. *See* U.S.S.G. §2B1.1(b)(2)(A) As Delacruz has pled guilty, he is entitled to a two-level reduction for acceptance of responsibility. *See* U.S.S.G. §3E1.1. Consequently, Delacruz has a Total Offense Level of 6.

The Presentence Investigation Report in the present case establishes that Delacruz has a criminal history score of 18, yielding a criminal history category of VI. A Total Offense Level of 6 and a Criminal History Category VI results in a guideline imprisonment range of 12 to 18 months. Under the Sentencing Guidelines and Section 3553(a), a sentence of 12 months is appropriate in this case.

## III. STATUTORY SENTENCING FACTORS

<u>Nature and Circumstances of the Offense/ History and Characteristics of the Defendant</u>

Defendant's long criminal history is an aggravating factor in this case. Defendant's criminal history dates back 24 years and includes felony convictions for hit and run, vehicle theft, possession of stolen property, and threatening crime to terrorize, among other crimes. His total criminal history score is 18, yielding a criminal history category of VI.

Defendant's criminal conduct while on pre-trial release in the present case is another aggravating factor here. Defendant reportedly engaged in criminal activity similar to his crimes in the present case,

resulting in his arrest on December 23, 2019.  Specifically, a Gilroy Police Department report indicates that Defendant stole a victim's car, and possessed stolen mail in that stolen car.  At the time of his December 23, 2019 arrest, Defendant possessed multiple stolen credit cards, as well as bank deposit receipts evidencing $8,500.00 in fraudulent deposits within 2 hours before Defendant's arrest.

Victim Impact

This is not a victimless crime.  Mail theft is commonly associated with identity theft and fraudulent activity on victim accounts.  At the time of his arrest in the present case, Defendant possessed a Bank of America credit card in the name of victim P.L.  Investigation revealed fraudulent charges in the total amount of $365.04 on P.L.'s Bank of America credit card.  P.L.'s mail had been stolen, and the bank had notified P.L. of fraudulent account activity.  August 11, 2019 surveillance video and images from a Target store show Defendant attempting to use the victim's card at the self-checkout for a $267.78 transaction, which was declined.  Such fraudulent activity during the present coronavirus pandemic is even more impactful to the community during this difficult time, given higher rates of unemployment and increased economic strain.

## IV.  **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court, taking into consideration the Sentencing Guidelines and the factors set forth in Section 3553(a), sentence Defendant Rene Delacruz to 12 months in prison, 3 years of supervised release, and a $100 special assessment.

DATED:  October 21, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*Chinhayi Cadet*
_____
CHINHAYI COLEMAN CADET
Assistant United States Attorney