1  STEVEN G. KALAR
   Federal Public Defender
2  Northern District of California
   SEVERA KEITH
3  Assistant Federal Public Defender
   8th Floor - Suite 820
4  55 South Market Street
   San Jose, CA 95113
5  Telephone:   (408) 291-7753
   Facsimile:    (408) 291-7399
6  Email:         Severa_Keith@fd.org

7

8  Counsel for Defendant Delacruz

9

10                IN THE UNITED STATES DISTRICT COURT

11                FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                            SAN JOSE DIVISION

13

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 19–00680 LHK |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| RENE DELACRUZ, | **Court:** Courtroom 8, 4th Floor |
| Defendant. | **Hearing Date:** October 28, 2020 |
| | **Hearing Time:** 9:15 a.m. |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant Rene Delacruz submits the following memorandum in support of his request for a sentence of nine months on Count 4.  This sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing that are set forth in 18 U.S.C section 3553(a).

Rene Delacruz has faced many traumas, physical and emotional, that contributed to his long-term substance abuse and criminal conduct.  His did not have a physically safe home for his entire youth, and he suffered many extreme traumas throughout his childhood and adult life.  The seriousness of this offense is substantially mitigated by these factors and his efforts towards recovery, as set forth

below. Additionally, Mr. Delacruz has a plan to take care of his health, return to his career as an electrician, and to be a good father, grandfather, and brother to his family, with whom he is very close. See Exhibit A (family photos, filed under seal). Furthermore, he accepts responsibility for his acts and will focus on and depend on his recovery, work, and family as he continues on his path of rehabilitation.

## I. PLEA AND ADVISORY GUIDELINE RANGE

Mr. Delacruz does not object to the Probation Officer's calculation of his Offense Level, Criminal History Category, or Guidelines range of 12 to 18 months imprisonment; however, Mr. Delacruz submits that the court should grant a downward variance from the Guidelines range, based on Mr. Delacruz's significant mitigation factors.

## II. FACTUAL BACKGROUND

### A. Personal History

Rene Delacruz accepts responsibility for his crimes, and acknowledges what he did was wrong, and affected other people. However, because of his desire to rehabilitate, and the skills and positive attributes that he has gained through his hard work and efforts to improve himself, Mr. Delacruz is ready to reenter the community, renew his career, and contribute to his family.

At the time of Mr. Delacruz's arrest in this matter, he was participating in a residential drug treatment program. Unfortunately, due to his inability to return to the program after he was granted pretrial release on December 13, 2019, he lost his bed at the treatment facility, and ended up homeless. He relapsed, and he was arrested again on December 23, 2019. ¶ 4. Mr. Delacruz has been clean and sober for several months, and he has maintained close contact with his family, whom are supportive of him and his sobriety. He has a close relationship with his family. ¶ 41.

It is not a surprise that Mr. Delacruz, having suffered extreme physical abuse throughout his youth, later became a perpetrator of domestic violence, ¶ 77-78, nor is it a surprise that he began to use

drugs as a youth, and that the habit became one of abuse during his adulthood. ¶ 90.  In addition to child abuse, he has suffered other extreme violence and injuries, which includes an attack on the street that resulted in the mutilation of his ear, a race-related stabbing, police brutality, and a number of car, motorcycle and bicycle-related serious injuries. ¶ 79-80.   It is clear these injuries have caused long-lasting impacts.  He has ongoing physical problems due to these injuries, and he also suffered serious head injuries. ¶ 86.

Despite the significant violence that he has encountered throughout his life, Mr. Delacruz has not committed any violent acts for many years, remaining committed to his family, and attempting to make amends for the damage he caused in the past. ¶ 82.  Based on his criminal history, it appears that the most recent violent criminal conduct that he committed was a misdemeanor battery 2012. ¶ 67.  Moreover, at the time of his arrest in this matter, he was making efforts to recover from his drug addiction.  He was residing in a drug treatment program, and he intended to resume treatment upon release.  See Exhibit B (Judge DeMarchi's pretrial release order, dated December 13, 2019, filed under seal)  His return to the program was prevented by his arrest at the pretrial services office, which occurred when Mr. Delacruz reported to them, per their instruction, on the day of his release.  Additionally, despite the difficulties of his past, Mr. Delacruz has accomplished many significant goals, including obtaining his GED, and becoming a licensed electrician. ¶ 90, 92.

When he gets out of custody, he plans to reside with family, engage in intensive substance abuse treatment, get a necessary operation to regain full use of his right arm, work as an electrician, and continue to build his relationships with his family. ¶ 84.  No goals of sentencing will be achieved with a longer period of incarceration.

### B. Medical History

Mr. Delacruz suffered greatly as result of the aforementioned traumas and injuries, including ongoing, debilitating, and painful damage to his arm that requires surgery that he has not been able to

obtain due to incarceration. Lengthy incarceration will cause him to experience daily pain, suffering, and the loss of full use of his dominant hand and arm. The goals of sentencing, set forth in 18 U.S.C. 3553(a), are much better served with a sentence of nine months, requiring drug and mental health counseling as conditions of supervised release, rather than further incarceration that will require Mr. Delacruz to endure unnecessary pain.

In 2014, he was severely injured during an arrest. His scalp was split open and he was horribly injured, with bruises all over his body. See Exhibit C (March 20, 2014 jail medical records and photos of injuries, filed under seal). These injuries appear to be related to the February 3, 2014 arrest for receiving stolen property. ¶ 55.

In 2015, Mr. Delacruz broke his elbow when he was hit by a car while riding his bicycle. This injury did not heal properly, and the painful condition has worsened over time. See Exhibit D (November 9, 2015 O'Connor Hospital Record, filed under seal). In 2016, he was hospitalized from April 5 to April 8, after again being hit by a car while riding his bicycle. See Exhibit E (April 5-6, 2016 Regional Medical Center Records). He was treated for shoulder, arm, and chest pain, and head injuries. After both the 2015 and 2016 accidents, he was referred to specialists at a surgical hand clinic. He was recommended for tendon transfer surgery in 2017, but he has not yet had the surgery, due to incarceration. See Exhibit F (January 24 and November 22, 2017 Records from Valley Medical).

Finally, Mr. Delacruz suffers from bronchitis and asthma, ¶ 81, and a shorter sentence will help to mitigate the Covid-19 risk that is a concern in correctional institutions. Exhibit G (May to June jail medical record indicating Albuterol prescription).

///

///

///

### III. A SENTENCE OF NINE MONTHS WOULD BEST SATISFY THE GOALS OF 18 U.S.C. SECTION 3553(a)

In this case, the Guidelines range for this offense is 12 to 18 months, as calculated by the Probation Officer. The 3553(a) factors set forth below, as applied to the mitigation discussed herein, support Mr. Delacruz' sentencing request for a sentence of nine months.

The Sentencing Act, which, as mandated by *United States v. Booker*, 543 U.S. 220 (2005), now guides federal judges in their selection of a sentence, and directs the courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Paragraph (2)"

(2) the need for the sentence imposed -

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2).

Section 3553(a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the offense under the Guidelines; (5) any pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. Thus, the Guidelines range for the offense is but one of ten factors specified under the Sentencing Act.

In accordance with *Booker* and with the directives of 18 U.S.C. § 3553(a), Mr. Delacruz submits that a nine-month sentence is appropriate in this matter. Mr. Delacruz agrees that intensive drug treatment is necessary component of his sentence. However, given Mr. Delacruz's medical

conditions and personal history, the goals of sentencing would be better served with a shorter prison sentence and participation in intensive drug and mental health counseling while on supervised release. As stated above, Mr. Delacruz suffers significant pain on a daily basis, and a lengthy sentence is not appropriate because he requires surgery on his arm that he cannot obtain in custody.  A shorter sentence ensures less unnecessary suffering.  Given that the Guidelines range is 12 to 18 months and that Mr. Delacruz presents significant mitigation factors, a nine-month sentence is appropriate, as it considers the nature of the offense, defendant's criminal history, and reflects the seriousness of the crime.  This sentence is also sufficient time to protect the community and affords adequate deterrence, as this matter involves no violence and is a crime of addiction and poverty.

## **CONCLUSION**

Based on the above, Mr. Delacruz respectfully requests that this Court sentence him to nine months imprisonment and impose conditions of supervised release that include drug and mental health counseling. Three years of supervised release, waiver of the fine, based on inability to pay, a Special Assessment of $100.00, and no restitution.

Dated:     October 22, 2020               Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

             /S
SEVERA KEITH
Assistant Federal Public Defender